[916 NYS2d 798]

In the Matter of YVONNE DEBENEDETTO, an Attorney, Resignor.

Second Department, February 1, 2011

### APPEARANCES OF COUNSEL

*Yvonne DeBenedetto*, Bayshore, resignor pro se.

### OPINION OF THE COURT

Per Curiam.

Yvonne DeBenedetto (hereinafter the resignor) has submitted an affidavit dated September 8, 2010, wherein she tenders her

resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). The resignor was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 4, 1992.

The resignor acknowledges that she is the subject of two investigations by the Grievance Committee. One investigation is based upon a complaint of Lisa Zampolin, who retained the resignor in June 2009 to represent her in the sale of her home. The closing was held in December 2009. The purchaser's attorney held the sum of $30,000 in escrow. It is alleged that the purchaser's attorney disbursed that sum to the resignor in February 2010 and that she deposited it into her escrow account. It is further alleged that on or about February 11, 2010, the resignor disbursed the sum of $30,000 from an IOLA trust account which she maintained at Bank of America but that check was returned on February 19, 2010 due to a stop payment. The resignor allegedly failed to provide that complainant with the sum of $30,000 due her.

The resignor is further aware of another pending investigation based on a complaint by Victoria Pagano, who retained the resignor in August 2009 to represent her in the sale of her home and the purchase of another home. It is alleged that the complainant provided the resignor with a check in the sum of $260,000 for the purchase price of the new home which the resignor deposited into an interest bearing account at Astoria Federal Savings Bank. The transaction failed to close. In or about January 2010, the resignor disbursed a check for the sum of $261,041.56 from her Astoria Federal account to the complainant. That check was returned for insufficient funds on or about January 7, 2010. It is alleged that the resignor subsequently transferred funds into a Bank of America account and that on or about January 20, 2010, she disbursed a check in that amount to the complainant which was returned for insufficient funds. It is further alleged that on or about February 5, 2010, the resignor deposited a bank check for the sum of $261.15 directly into the complainant's bank account and misrepresented the amount to lead the complainant to believe that she had deposited the sum of $261,100.50. The resignor provided the complainant's daughter, Kristen Pagano, with an altered deposit slip falsely reflecting a deposit of the sum of $261,100.50. To date, the resignor has only paid the complainant the sum of $261.15 of the total due her.

The resignor acknowledges her inability to successfully defend herself on the merits of the aforesaid complaints. She avers that

her resignation is freely and voluntarily rendered and that she is not being subjected to coercion or duress by anyone. She has discussed her decision to resign with persons whose advice and counsel she respects and is fully aware of the implications of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

The resignor's resignation is submitted subject to any application which could be made by the Grievance Committee for the Tenth Judicial District for an order directing that she make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against her, and she specifically waives the opportunity afforded her by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted, the resignor, Yvonne DeBenedetto, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the resignation of Yvonne DeBenedetto is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Yvonne DeBenedetto is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Yvonne DeBenedetto shall promptly comply with this Court's rules governing the conduct of disbarred, suspended or resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Yvonne DeBenedetto is commanded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Yvonne DeBenedetto has been issued a secure pass by the Office of Court Administration, it shall be returned

forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).